UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD ERIC GABRIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK OTTER #1325 GARDEN CITY POLICE; ISAAC GORDEN #1321 GARDEN CITY POLICE; J. BLAIR BRANNON #1220 GARDEN CITY POLICE; JILL LONGHURST – DEPUTY PROSECUTOR ADA COUNTY,<br><br>    Defendants. | Case No. 1:14-cv-00136-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants Mark Otter, Isaac Gordon, and Blair Brannan's Motion for Summary Judgment (Dkt.21-2). Also before the Court is Defendant's Motion to Seal Document (Dkt.22) and Plaintiffs Motions for Injunctive Relief (Dkt.19) and Requested Materials (Dkt.20). For the reasons explained below, the Court will grant Defendants Motion for Summary Judgment. All other Motions will be dismissed as Moot.

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND

Plaintiff Ronald Eric Gabriel filed his amended complaint on July 31, 2014 (Dkt.9). He alleges multiple charges again Officers Mark Otter, Isaac Gordon, and Blair Brannan, as well as Prosecutor Jill Longhurst.

The Court issued its initial review order on Oct 13, 2014 (Dkt.11). The Court allowed Gabriel to proceed against Officers Otter, Gordon, and Brannan. The Court dismissed the charges against Prosecutor Longhurst.

The Court allowed Gabriel to proceed against the Officers noting that "Plaintiff has stated sufficient allegations to proceed against Defendants on a Fourth Amendment excessive force claim and a Fourth Amendment unreasonable search and seizure (right to privacy) claim." Dkt.11, pg. 9.

# LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." Id. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux,* 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 889 (9th Cir. 2003).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed.R.Civ.P. 56(e). In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale,* 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id.* (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

Statements in a brief, unsupported by the record, cannot be used to create a factual dispute. *Barnes v. Independent Auto. Dealers,* 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). The Circuit has "repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir. 1988). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain testimony of a witness with

personal knowledge of the facts who attests to the identity and due execution of the document.  *Id.*

## ANALYSIS

1. **Excessive Force**

The Fourth Amendment protects individuals from excessive use of force from government officials. If an officer's use of force is "objectively reasonable, under the circumstances, there is no constitutional violation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). The reasonableness of an arrest or seizure must be "assessed by carefully considering the objective facts and circumstances that confronted the arresting officer or officers. *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994).

Gabriel's excessive force allegations stem from the following facts. On January 5, 2014 officers pulled over two individuals who were found to be in possession of methamphetamine. The individuals admitted that they were staying at a hotel, and officers responded to the hotel in search of more drugs. When they arrived at the hotel they found that the room was occupied by other individuals whom officers instructed to exit the room. While officers were speaking with the individuals, Gabriel walked out of the bathroom where he had been showering. He was carrying a backpack. Upon further investigation marijuana and other drug paraphernalia was found in the backpack.

Both Officers Otter and Gordon stated that no force was used to remove any of the subjects, including Gabriel, from the premises, and that all four subjects complied with their directions during the interactions. *See* Affidavit of Mark Otter (Dkt.21-4,¶ 3),

Affidavit of Isaac Gordon (Dkt.21-5, ¶ 3), Affidavit of Blair Brannan (Dkt.21-6, ¶ 3). Furthermore, although it was cold outside, all four individuals were placed within heated patrol vehicles within 10 minutes of being outside. Gabriel later told individuals at the Ada County jail that he was homeless and had spent the previous night in a trailer without any heat, which was the cause of his frostbite. *See* Affidavit of Leslie Robertson (Dkt.23, pg 16), Affidavit of Michael Kane, (Dkt.21-3, Exhibit C, p.5).

In his complaint, Gabriel claims that his Fourth Amendment rights were violated when he was forcibly removed from a hotel room in freezing temperatures and left in handcuffs for over two and a half hours wearing only pants. As a result, Gabriel claims that he suffered frostbite on his hands and emotional trauma and distress. Dkt.9. But there is no evidence in the record supporting these assertions. There is no evidence of physical force or restraint, other than handcuffing individuals and placing them in police vehicles. Under these circumstances, there is no evidence of excessive force. Accordingly, the Court will grant summary judgment on the excessive force claim.

2. **Search and Seizure**

Gabriel claims that his rights were violated when the officers made an "unannounced, warrantless, non- consensual entry into the motel room where [he] was entitled to be . . . ." Dkt.9, p.2/3/4, ¶ 2. But the officers had a right to enter the hotel room after encountering individuals who were in possession of illegal substances. Furthermore, officers advised all individuals of their rights and Kerry Woodard (the individual who legally rented the room) consented to a search of the room. Additionally, while being

questioned, Gabriel admitted that there was marijuana in his backpack. The subsequent search by officers confirmed this.

Notably, on August 12, 2014, Gabriel pled guilty to possession of a controlled substance pursuant to Idaho Code § 37-2732(c), and was sentenced to thirteen (13) months fixed based upon the marijuana found in his backpack. *See* Affidavit of Michael Kane, dkt.21-3, Exhibit A. For a Fourth Amendment claim of unreasonable search and seizure to survive, any conviction or sentence that resulted from the search must be dropped; otherwise granting such a claim would invalidate the underlying conviction. The Ninth Circuit has made clear that "a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases . . . ." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000). Here, the conviction undermines Gabriel's Fourth Amendment claim. Accordingly, the motion for summary judgment will be granted.

3. **Qualified Immunity**

Finally, the Court also finds that the officers are entitled to qualified immunity. When addressing qualified immunity, the Court must decide if, taken in the light most favorable to the party asserting the injury, the facts alleged show the Defendants' conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If that is the case, the Court inquires whether the right was clearly established in light of the specific

facts of the case. *Id*. If there is no clearly established law or right, then an officer would be entitled to qualified immunity. If the law is clearly established, the court determines whether, in light of that law, "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id. at 202*. When a § 1983 defendant makes a properly supported motion for summary judgment based on immunity, the plaintiff has the obligation to produce evidence of his own, the district court cannot simply assume the truth of the challenged factual allegations in the complaint. *Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004).

Here, Gabriel does not allege facts that will get him past the first hurdle on his excessive force claim – showing that the officers' conduct violated a constitutional right. First, as explained above, the only force used by the officers was to place Gabriel in a police vehicle after being questioned. In reality, there was no force at all. This is what any reasonable officer would have done under the circumstances.

Regarding the search and seizure claim, the Court notes that the Fourth Amendment protection is "not limited to one's home, but also extends to such places as hotel or motel rooms," *United States v. Cormier*, 220 F.3d 1103, 1108-09 (9th Cir. 2000). However, "in order to have standing to challenge the search of a hotel room under the Fourth Amendment, a defendant must establish a reasonable expectation of privacy in the room." *United States v. Dorais*, 241 F.3d 1124, 1128 (9th Cir. 2001). If a defendant can establish this reasonable expectation, they are "protected by the Fourth Amendment from warrantless searches in the absence of probable cause." *United States v. Bautista*, 362

F.3d 584, 589 (9th Cir. 2004). Probable cause "exists when there is a fair probability or substantial chance of criminal activity," *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) *citing Illinois v. Gates*, 462 U.S. 213, 235 (1983), and is "based upon the totality of the circumstances known to the officers at the time of the search." *Id. citing Illinois* at 238.

Here, Gabriel cannot claim that he had any expectation of privacy in the hotel room. The room was neither registered to him, nor are there any facts to suggest that he was even staying in the room, other than using the shower on the day in question. Gabriel simply did not have an expectation of privacy in the room.

Moreover, after all individuals who had been in the room were interviewed, Woodard, who had rented the room, admitted that there was drug paraphernalia and consented to a search of the room. Also, after being advised of his *Miranda* rights, Gabriel admitted there was marijuana in his backpack. Both of these admissions, along with the previous traffic stop and arrest of two other individuals for possession gave the officers knowledge that there was a "fair probability or substantial chance of criminal activity" thus providing probable cause to enter and investigate further. Accordingly, Gabriel also cannot show a constitutional violation of his Fourth Amendment right to unreasonable search and seizure. Thus he fails to overcome the first hurdle of that claim as well. Defendants are therefore entitled to qualified immunity on both claims.

**ORDER**

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Dkt.21-2 ) is **GRANTED**.

2. Defendant's Motion to Seal Document (Dkt.22) is **DEEMED MOOT**.

3. Plaintiffs Motions for Injunctive Relief (Dkt.19) is **DEEMED MOOT**.

4. Plaintiffs Motions for Requested Materials (Dkt.20) is **DEEMED MOOT**.

5. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.

DATED: July 22, 2015

B. Lynn Winmill
Chief Judge
United States District Court